UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| EDWARD VICTOR FRANCHVILLE, Jr., | : : : : | CIV. NO. 22-1776 (RMB-MJS) |
| Plaintiff | : : | **OPINION** |
| v. | : : | |
| CAPE MAY COUNTY CORRECTIONAL CENTER, et al., | : : : | |
| Defendants | : | |

BUMB, United States District Judge

Plaintiff Edward Victor Franchville, Jr., a state pretrial detainee confined in the Cape May County Correctional Center when most of the events alleged in the complaint occurred, brings this pro se civil rights action under 42 U.S.C. § 1983. (Compl., Docket No. 1 and 1-1.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP") which establishes his financial eligibility to proceed without prepayment of fees under 28 U.S.C. § 1915. (Docket No. 1-2.) Plaintiff also filed a motion to appoint pro bono counsel under 28 U.S.C. § 1915(e)(1). (Docket No. 2.)

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action regarding prison conditions and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant

who is immune from such relief. For the reasons discussed below, the Court will permit the complaint to proceed in part.

I.  *SUA SPONTE* DISMISSAL

Courts must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). "Court personnel reviewing pro se pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." *See*, *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir.2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000)). Therefore, the Court relies on precedent discussing the Rule 12(b)(6) motion to dismiss standard for failure to state a claim. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## II. DISCUSSION

### A. The Complaint

Plaintiff alleges the following facts in his complaint, accepted as true for purposes of screening for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1). At the time of the incidents alleged in the complaint, Plaintiff was a pretrial detainee confined in Cape May County Correctional Center ("CMCCC") Upon entering CMCCC, Plaintiff was housed in a cell containing trash and feces, which staff claimed had been sanitized for the COVID-19 quarantine. Plaintiff was denied a shower outside the cell for fifteen days, and he developed a bacterial infection on his hands and legs as a result of the unsanitary cell and lack of showers, an infection which required treatment with a strong antibiotic. (Compl., Docket No. 1-1 at 4-5.) To wash himself using the sink in his cell, Plaintiff had to expose himself to all who entered the unit. (*Id.* at 2.) After Plaintiff was vaccinated and the state of emergency had been lifted for months, he was quarantined from December 3, 2021 through December 23, 2021, in a filthier cell than during his first

quarantine, and was permitted only one shower on December 9, 2021. (Compl., Docket No. 1-1 at 2.) Plaintiff seeks to hold Warden Lombardo and Captain Magill responsible for failing to address these conditions after he complained to them in writing, and based on Warden Lombardo's alleged creation of the quarantine policies. (*Id.* at 2-3.)

B. <u>Claims Under 42 U.S.C. § 1983</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

    1.    **Cape May County Correctional Center is not a "person" under § 1983**

Claims under § 1983 may only be brought against "persons" or municipalities. *See, e.g.*, *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). A correctional facility is not a "person" subject to suit under § 1983. *See, Slagle v. Cnty. of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (in Title VII case

against Clarion County, noting the district court dismissed Clarion County Jail as a defendant because it is not a "person" under federal civil rights law).

> 2. **There is no private cause of action under HIPPA but substantive due process under the Fourteenth Amendment protects an inmate's medical privacy subject to legitimate penological needs**

Plaintiff seeks to vindicate his right to medical privacy under the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), Pub.L. No. 104–191, 110 Stat.1936 (1996) (codified primarily in Titles 18, 26 and 42 of the United States Code). "HIPAA does not create a private right of action for alleged disclosures of confidential medical information[,]" *Hatfield v. Berube*, 714 F. App'x 99, 105–06 (3d Cir. 2017) (quoting *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010)). The Court must construe Plaintiff's pro se complaint liberally. Therefore, the Court construes Plaintiff's medical privacy claim as arising under the Fourteenth Amendment substantive due process clause. Inmates have a substantive due process right to privacy over their medical information, subject to restrictions based on legitimate penological interests. *Doe v. Delie*, 257 F.3d 309, 317 (3d Cir. 2001). Although the defendants may have legitimate penological interests to assert in defense to the claims, Plaintiff has otherwise raised a cognizable claim against Warden Lombardo, Captain Magill, Victorio Wells Manlandro and Dr. Gary Oxenberg, for depriving him of medical privacy. Thus, these claims may proceed past *sua sponte* screening for dismissal.

> 3. **Plaintiff's Fourteenth Amendment conditions of confinement claims for lack of sanitation and showers may proceed against Warden Donald Lombardo and Captain Charles Magill**

Plaintiff's Fourteenth Amendment conditions of confinement claims against Warden Lombardo and Charles Magill, as supervisors with alleged knowledge of the quarantine

5

conditions restricting detainees to unsanitary cells without a shower for up to fifteen days at a time may proceed.

### C. Motion to Appoint Pro Bono Counsel

Plaintiff seeks appointment of pro bono counsel. 28 U.S.C. § 1915(g) governs a court's discretionary appointment of pro bono counsel in civil cases. Prior to appointing counsel, district courts must first determine if the plaintiff's claims have arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). If so, courts should consider additional factors including the plaintiff's ability to present his or her case, the difficulty of the legal issues, the ability of the plaintiff to pursue a factual investigation, and whether the case turns on credibility determinations or requires expert witness testimony. Id. at 156-57.

Plaintiff has demonstrated an adequate understanding of the law and the ability to present the relevant facts by filing his pro se complaint in this matter. If Plaintiff encounters circumstances that inhibit his ability for self-representation as the case progresses, he may renew his request for appointment of pro bono counsel. The Court will deny the motion to appoint pro bono counsel without prejudice.

### III. CONCLUSION

For the reasons stated above, the Court will permit the complaint to proceed in part and dismiss the complaint in part. The Court denies Plaintiff's request for pro bono counsel without prejudice. An appropriate order follows.

DATE: **September 20, 2022**

                      s/Renée Marie Bumb
                  **RENÉE MARIE BUMB**
                  **United States District Judge**