```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
                  CAMDEN VICINAGE
```

| | |
|---|---|
| EDWARD FRANCVHILLE,<br><br>                      **Plaintiff,**<br><br>    v.<br><br>CAPE MAY COUNTY CORRECTIONAL<br>CENTER, et al.,<br><br>                      **Defendants.** | Civil No. 22-1776 (RMB/MJS) |

**R E P O R T   A N D   R E C O M M E N D A T I O N**

This matter has been raised sua sponte based on the failure of pro se plaintiff Edward Franchville ("Plaintiff") to prosecute this case and comply with this Court's orders. For the reasons set forth below, the Court recommends that Plaintiff's claims be **DISMISSED without prejudice.**

Plaintiff filed a complaint on March 30, 2022, alleging that while he was incarcerated at Cape May County Correctional Facility ("CMCCF"), he had been locked in an unsanitary cell for several days without being allowed to shower. ECF No. 1. Plaintiff also alleged that his medical information was exposed to others. Id. Plaintiff asserted these claims against CMCCF and several of its employees. Id. Plaintiff also filed an application to proceed in forma pauperis ("IFP") and a motion for pro bono counsel [ECF No. 2].

The Court screened Plaintiff's complaint on September 20, 2022 and construed his complaint as alleging violations of Plaintiff's Fourteenth Amendment substantive due process rights. ECF No 4. The Court permitted these claims to proceed against the individual defendants, but not against CMCCF. The Court also denied Plaintiff's motion to appoint pro bono counsel but granted his application to proceed IFP. ECF No. 5.

The Court mailed Plaintiff a copy of the Court's opinion and order permitting the complaint to proceed [ECF Nos. 4-5], as well as four copies of the USM-285 forms [ECF No. 6], on September 20, 2022. However, on October 11, 2022, the mail sent to Plaintiff at Bayside State Prison [ECF No. 3] was returned to the Court as undeliverable. ECF No. 7.

The Court administratively terminated the case on December 19, 2022 due to Plaintiff's failure to advise the Court of his change of address pursuant to Local Civil Rule 10.1(a). ECF No. 8. This order was mailed to Plaintiff at Bayside State Prison but was again returned as undeliverable on January 3, 2023. ECF No. 9. The return envelope indicated Plaintiff was "no longer in custody." Id.

On January 26, 2023, the Court received a letter from Plaintiff advising that he was incarcerated at Somerset County Jail. ECF No. 10. On March 7, 2023, the Court received another letter from Plaintiff, explaining that he tried to send the Court

2

a letter advising of his change of address earlier, and requesting that his case be reopened. ECF No. 11.

The Court issued an order on March 17, 2023 reopening the case and directing Plaintiff to effect service on defendants within 90 days. ECF No. 12. On March 30, 2023, however, the Court's mail, sent to Plaintiff at Somerset County Jail, was returned as undeliverable. ECF No. 17.

The day after this Court reopened the case, Plaintiff filed a notice of appeal with the Third Circuit. ECF No. 15. This notice of appeal indicated that Plaintiff was now incarcerated at the Southwoods State Prison. Although Plaintiff did not notify this Court directly of his change in address, as required by Local Civil Rule 10.1(a), the Court updated Plaintiff's address on the docket as Southwoods State Prison and, on May 8, 2023, sent Plaintiff another copy of the order reopening the case, the USM-285 forms, and a copy of the docket sheet.[1] This mailing was not returned as undeliverable.

The deadline by which Plaintiff was ordered to effect service on defendants expired on June 17, 2023. See ECF No. 12 (granting Plaintiff 90 days from March 17, 2023 to effect service). Plaintiff has not served defendants to date, and this Court has not received

---

[1] On May 23, 2023, the appeal was dismissed "for failure to timely prosecute insofar as appellant failed to pay the requisite fee or file the motion for leave to proceed in forma pauperis with all necessary forms as directed." ECF No. 18.

3

any correspondence from Plaintiff since March 7, 2023. See ECF No. 11.

Local Civil Rule 10.1(a) provides, in relevant part: "[U]nrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of change may result in the imposition of sanctions by the Court." L. Civ. R. 10.1(a). Such sanctions may include dismissal of the complaint without prejudice. See Fed. R. Civ. P. 41(b) (providing that a federal court may dismiss an action for failure to prosecute or comply with Court rules); Archie v. Dep't of Corr., Civ. No. 12-2466, 2015 WL 333299 (D.N.J. Jan. 23, 2015) (dismissing plaintiff's case for failure to comply with Local Civil Rule 10.1(a)).

When considering dismissal as a sanction, the Third Circuit held that a court should balance the following factors:

> (1) the extent of the party's personal responsibility;
>
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders;
>
> (3) whether Plaintiff has a history of dilatoriness;
>
> (4) whether the conduct was willful or in bad faith;
>
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions; and

4

(6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). Not all factors need to be met for dismissal to be warranted. Briscoe v. Klaus, 538 F.3d 252, 262 (3d Cir. 2008). Although "[t]he Third Circuit has noted that a court need not evaluate the Poulis factors 'when a litigant's conduct makes adjudication of the case impossible[,]'" Archie, Civ. No. 12-2466, 2015 WL 333299, at *2 n. 2 (quoting McLaren v. N.J. State Dep't of Educ., 462 F. App'x 148, 149 (3d Cir. 2012)), for the sake of completeness, the Court will undertake the Poulis evaluation.

The Court first evaluates the extent of the party's personal responsibility in failing to prosecute the case. Plaintiff, proceeding pro se, is "personally responsible for the progress of his case." Archie, Civ. No. 12-2466, 2015 WL 333299, at *2 (citing Briscoe, 538 F.3d at 258-59). Local Civil Rule 10.1(a) specifically states that "[c]ounsel and/or unrepresented parties must advise the Court of any change in their or their client's address." L. Civ. R. 10.1(a) (emphasis added). Further, Plaintiff is clearly aware of this responsibility, as evidenced by his letters to the Court advising of his change in address at other points in this litigation. See ECF Nos. 3, 10-11. Additionally, Plaintiff was personally responsible for timely effecting service on the

defendants, as ordered by the Court on two occasions. ECF Nos. 5, 12.

Although the Court is sympathetic to the obstacles presented by his incarceration, the conditions of confinement do not abrogate a pro se litigant's responsibilities. See Staples v. Bellafronte, Civ. No. 17-6778, 2020 WL 360615, at *2 (D.N.J. Jan. 22, 2020) (noting that every unrepresented party is responsible for keeping the court updated of his current address). Accordingly, this factor weighs in favor of dismissal.

The Court next weighs the prejudice to defendants caused by Plaintiff's failure to comply with the Court's rules and orders. Plaintiff's failure to timely serve the defendants, notify the Court of his changes in address, and prosecute the case generally, has singlehandedly delayed this case from progressing. Such a delay prejudices defendants and thus weighs in favor of dismissal. See Tucker v. State Dep't of Corr., Civ. No. 15-6808, 2019 WL 3139854, at *8 (D.N.J. Jul. 15, 2019) (holding that a delay in litigation results in prejudice to the defendant due to potential loss of evidence and dimming of witnesses' memories).

Next, the Court considers Plaintiff's history of dilatoriness. As discussed supra, Plaintiff is aware of the requirement that he must advise the Court of his change in address, as evidenced in his having done so previously in this case. See ECF Nos. 3, 10-11. Additionally, this case has been

6

administratively terminated once before for his failure to do so. ECF No. 8. Plaintiff has also failed to serve defendants after being ordered to do so twice. ECF Nos. 5, 12. Thus, Plaintiff's history of failing to comply with this Court's rules and orders weighs in favor of dismissal. See, e.g., Staples, Civ. No. 17-6778, 2020 WL 360615, at *2.

The fourth factor the Court evaluates is whether Plaintiff's conduct is willful or in bad faith. "Willfulness involves intentional or self-serving behavior." Adams v. Trs. of the N.J. Brewery Emps.' Pension Trust, 29 F.3d 863, 875 (3d Cir. 1994). "Conduct that is 'merely negligent or inadvertent' is not 'contumacious,' and the 'absence of a good faith effort to prosecute . . . does not necessarily amount to willfulness or bad faith as [the Third Circuit] has defined it.'" Staples, Civ. No. 17-6778, 2020 WL 360615, at *3 (quoting Briscoe, 538 F.3d at 262; Adams, 29 F.3d at 876). Here, there is no evidence that Plaintiff's conduct (or lack thereof) has been willful or in bad faith. Thus, this factor does not weigh in favor of dismissal. But Plaintiff has unquestionably delayed this case by failing to comply with the rules of court.

The fifth Poulis factor requires the Court to consider the effectiveness of sanctions other than dismissal. The Court finds that because Plaintiff is proceeding pro se and IFP, monetary sanctions are inappropriate. See Briscoe, 538 F.3d at 24-25

7

(holding fines and fees are inappropriate for an indigent plaintiff). Because the Court has not heard from Plaintiff in over five months, and because the Court has already once before administratively terminated the case due to Plaintiff's failure to comply with Local Civil Rule 10.1, it "does not appear further orders imposing less severe sanctions would reach Plaintiff and garner a response." Staples, Civ. No. 17-6778, 2020 WL 360615, at *3 (citing Archie, Civ. No. 12-2466, 2015 WL 333299, at *3). Therefore, the undersigned recommends that no sanction short of dismissal would be effective.[2]

Lastly, the Court considers the meritoriousness of Plaintiff's claim or defense. Plaintiff's claims have been screened for merit and permitted to proceed in part. Thus, for purposes of this analysis, Plaintiff's claims are deemed to have merit. See Staples, Civ. No. 17-6778, 2020 WL 360615, at *3 (finding that claims that have been screened for merit have sufficient merit to succeed in a Poulis factors analysis). Therefore, this factor does not weigh in favor of dismissal. Again,

---

[2] The only choice of remedy, therefore, is between dismissal with prejudice and dismissal without prejudice. Because Plaintiff has been in and out of custody at various institutions, and because this case is at the very early stage of litigation, dismissal with prejudice is not warranted at this time. See Poulis, 747 F.2d at 867 ("[D]ismissals with prejudice or defaults are drastic sanctions[.]"); see also Staples, Civ. No. 17-6778, 2020 WL 360615, at *3 n. 1 (dismissing without prejudice plaintiff's failure to comply with Local Civil Rule 10.1 "[g]iven Plaintiff's pro se status and medical issues").

8

however, this case is simply unable to move forward due to Plaintiff's failure to comply with the rules of procedure and to respond to the Court's directives.

Accordingly, and for good cause shown,

**IT IS** on this **24th** day of **August 2023**,

**RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** pursuant to Local Civil Rule 10.1 and Fed. R. Civ. P. 41(b).

<u>s/ Matthew J. Skahill</u>
MATTHEW J. SKAHILL
United States Magistrate Judge

cc:   Hon. Renée Marie Bumb
     Chief United States District Judge